UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

STEPHEN JOSEPH GROOM                                                                         PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 1:15-CV-187-LG-RHW

JACKIE BANK, ET AL.                                                                         DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Plaintiff Stephen Joseph Groom, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging inadequate medical care and cruel and inhumane treatment while incarcerated at South Mississippi Correctional Institute ("SMCI"). Doc. [1]. He alleges that on or about December 12, 2010, he experienced extreme abdominal pain. *Id.* at 4. He was taken by ambulance to a medical facility, where the medical staff said there was nothing wrong with him. *Id.* Over the course of the next two years, he continued experiencing this extreme abdominal pain. *Id.* at 4-5. He alleges that he was taken by ambulance to the hospital five times and sought in-house treatment thirty to forty times. *Id.* The medical personnel were not able to provide any relief. *Id.* Eventually, Groom was taken to University Medical Center where his gall bladder, part of his pancreas, and his spleen were removed. *Id.* at 5. In essence, Groom claims that the delay in medical treatment violated his constitutional rights.

In his complaint, Plaintiff alleges that he pursued relief through the prison's grievance process but "received no response." Doc. [1] at 3. In an affidavit attached to both the Defendants' motion to dismiss [36] and Plaintiff's response to that motion [41], Richard Pennington, Administrative Relief Program Coordinator, stated that "Administrative Remedy Program has no record that Offender Steven[sic] Groom #K4320 filed a grievance in regards to a medical issue." Doc [36-2].

**Law and Analysis**

Based on Pennington's affidavit, Defendants argue that Groom failed to exhaust the prison grievance system, and therefore failed to exhaust his administrative remedies. While all Defendants have not appeared, as will be explained below, Plaintiff has not exhausted administrative remedies; therefore, the complaint should be dismissed as to all defendants. *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) ("court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust.").

Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to §1983. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). As amended by the Prison Litigation Reform Act, 42 U.S.C. § 1997e provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003) overruled on other grounds by *Jones v. Bock* 549 U.S. 199, 214-15 (2007). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 531 F. 3d. 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). The Fifth Circuit takes a "strict approach to the exhaustion requirement." *Days*, 322 F. 3d at 866. However, the exhaustion requirement may be subject to certain defenses such as waiver, estoppel, or equitable tolling. *Id.* Dismissal under § 1997(e) is made on the pleadings without proof. *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998). As long as

2

the prisoner has alleged exhaustion with sufficient specificity, lack of admissible evidence in the record does not form the basis for dismissal. *Id.*

The Mississippi Department of Corrections has established an administrative remedy program, which inmates are required to use prior to filing a lawsuit. *See* Doc. [36-1]. Although Groom checked a box indicating in his complaint that he completed the administrative remedy program, he further stated that he "never received a response." Doc. [1] at 3. By implication, Groom admits that he did not complete the three-step ARP process because he did not receive a response at some point in the process. Defendants submitted an affidavit indicating that Groom failed to file any grievance with respect to medical issues. Doc. [36-2]. Any ambiguity about whether Groom completed the ARP process is resolved by reference to Groom's response to the motion to dismiss. In that response, Groom asserts that the initial step of the ARP process is through the Inmate Legal Assistance Program ("ILAP"). Doc. [41] at 4. He asserts that he initiated a complaint through the ILAP and thus "did attempt to promote his complaint-via-the Administrative Remedy Program." *Id.* at 3-4. According to Groom, "[t]he exhaustion requirement is satisfied upon the presentation of the complaint." *Id.* at 3. Groom's pleadings amount to an admission that he did not follow to completion the three-step process outlined in the MDOC's administrative remedy program; therefore, he failed to exhaust administrative remedies with respect to his medical issues.

Groom also asserts that administrative remedies are not available when seeking monetary relief for constitutional violations and that he therefore should not be required to exhaust. *Id.* at 2-3. Contrary to this assertion, the Supreme Court has explained, "[t]he 'available' 'remedy' must be 'exhausted' before a complaint under § 1983 may be entertained. While the modifier

3

'available' requires the possibility of some relief for the action complained of . . . the word 'exhausted' has a decidedly procedural emphasis.  It makes sense only in referring to the procedural means, not the particular relief ordered." *Booth v. Churner*, 532 U.S. 731, 739 (2001).  The Supreme Court further stated, "it highly implausible that [Congress] meant to give prisoners a strong inducement to skip the administrative process simply by limiting prayers for relief to money damages not offered through administrative grievance mechanisms. . . . [Therefore,] Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Id.*  Accordingly, the undersigned finds no merit to Plaintiff's assertion that he need not exhaust administrative remedies because he seeks only monetary damages.

Plaintiff does not argue that the defenses of waiver, estoppel, or equitable tolling apply.  Accordingly, the undersigned concludes that Plaintiff's lawsuit should be dismissed for failure to exhaust administrative remedies.  Furthermore, the dismissal of Plaintiff's complaint for failure to state a claim, predicated on failure to exhaust, counts as a strike for purposes of 28 U.S.C. § 1915(g).  *See Emmett v. Ebner*, 423 Fed. Appx. 492, 493-94 (5th Cir. 2011).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendants' [36] Motion for Summary Judgment be GRANTED such that Plaintiff's 42 U.S.C. § 1983 civil rights complaint [1] be DISMISSED as to all Defendants for failure to state a claim, predicated on Plaintiff's failure to exhaust administrative remedies.  The undersigned further recommends that the dismissal count as a strike for purposes of 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 21st day of March, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE