## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**STEVEN JOSEPH GROOM**                                          **PLAINTIFF**

**v.**                                          **CAUSE NO. 1:15CV187-LG-RHW**

**JACKIE BANK, ET AL.**                                          **DEFENDANTS**

### ORDER ADOPTING PROPOSED FINDINGS OF FACT AND RECOMMENDATION, GRANTING MOTION TO DISMISS, AND DISMISSING CASE

This cause comes before the Court on the Proposed Findings of Fact and Recommendation of United States Magistrate Judge Robert Walker entered in this cause on March 21, 2016.  Plaintiff Groom is proceeding *pro se* and *in forma pauperis*.  Magistrate Judge Walker analyzed the Motion [36] to Dismiss filed by certain of the defendants, and determined that all of the named defendants were entitled to dismissal.  Groom filed an objection.  After due consideration of the Proposed Findings of Fact and Recommendation, the response from Groom and the relevant law, it is the Court's opinion that the Magistrate Judge correctly determined that Groom had not exhausted his administrative remedies before bringing his claims pursuant to 28 U.S.C. § 1983.  Therefore, the Magistrate Judge's Proposed Findings of Fact and Recommendation will be adopted as the opinion of this Court and this case dismissed.

### BACKGROUND

Groom filed this lawsuit complaining of his medical care while incarcerated at the South Mississippi Correctional Institute.  He alleges he endured severe pain from December 2010, until his gall bladder, spleen and most of his pancreas were

removed on September 12, 2012.  He seeks ten million dollars "for the inhumane treatment from the correctional staff and nursing staff at M.D.O.C. . . . and for neglectful and malpractice of Bolivar M[edical] C[enter]."  (Compl. 4, ECF No. 1).  He alleges he completed the Administrative Remedy Program regarding his claims, but that he never received a response.  (*Id.* at 3).

The Magistrate Judge determined that Groom had not completed the Administrative Remedy Program; there was no record of a grievance from Groom regarding medical issues, and Groom admitted in his pleadings that he did not complete the three-step process outlined in the Mississippi Department of Corrections' ARP.  (Rep. & Rec. 3, ECF No. 43).  Failure to exhaust administrative remedies is fatal to a prisoner lawsuit filed pursuant to § 1983.  *Alexander v. Tippah Cty., Miss.*, 351 F.3d. 626, 629-30 (5th Cir. 2003).  The Magistrate Judge therefore recommended that this lawsuit be dismissed.

Groom has objected to the Magistrate Judge's findings and recommendation.  He reiterates that he presented his grievance to the ARP but received no response.  He asserts that the program "apparently lost" his grievance, and that he is not required to exhaust administrative remedies in any event.  (Pl. Obj. 4, ECF No. 46).

THE LEGAL STANDARD

When any party objects to Proposed Findings of Fact and Recommendation, the Court must review the objected-to portions de novo.  *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991).  Such a review means that the Court will consider the

record which has been developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675 (1980). The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). No factual objection is raised when a plaintiff merely re-urges arguments contained in the original petition. *Edmond v. Collins,* 8 F.3d 290, 293 (5th Cir. 1993).

### DISCUSSION

Groom's objections do not require a de novo review of the Proposed Findings of Fact and Recommendation, because he has merely re-urged his argument against dismissal. He is incorrect that it is sufficient for him to complete the first step of the MDOC's three-step grievance process to obtain federal review of his claim under 28 U.S.C. § 1983. *See Alexander*, 351 F.3d at 630 ("Under § 1997e(a), a prisoner must exhaust such administrative remedies as are 'available,' whatever they may be.") (citation omitted). He is also incorrect that the law does not require him to exhaust administrative remedies prior to bringing this lawsuit. *See id.* ("Exhaustion is mandatory for all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.") (citation and quotation marks omitted).

After review of this matter, the Court finds that the Proposed Findings of Fact and Recommendation is neither clearly erroneous nor contrary to law. It is clear from the record that Groom failed to exhaust his administrative remedies,

making dismissal appropriate.  The Court will adopt the Proposed Findings of Fact and Recommendation as the opinion of this Court and dismiss the case.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Proposed Findings of Fact and Recommendation [43] of United States Magistrate Judge Robert H. Walker entered in this cause on March 21, 2016, should be, and the same hereby is, **ADOPTED** as the finding of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion [36] to Dismiss filed by Dr. Santos, Wexford Health, Ronald Woodall, and joined by Jackie Banks and Emmitt Sparkman, is **GRANTED**.  Plaintiff's claims against these and all named defendants are **DISMISSED** for failure to state a claim, predicated on Plaintiff's failure to exhaust administrative remedies.  The dismissal shall count as a strike for purposes of 28 U.S.C. § 1915(g).

**SO ORDERED AND ADJUDGED** this the 29th day of April 2016.

s\ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief U.S. District Judge